UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

STEVEN BRUCE YOUNG,

        Plaintiff,                Case No. 1:09-cv-182

v.                                          Honorable Janet T. Neff

CORRECTIONAL MEDICAL
SERVICES INC.,

        Defendant.

_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

I.  Factual allegations

Plaintiff is incarcerated in the Muskegon Correctional Facility. In his *pro se* complaint, Plaintiff sues Correctional Medical Services, Inc. He alleges that in June and July of 2006, he sought medical attention for pain in his left groin. On both occasions medical staff failed to conduct an examination or diagnostic testing and told him to "quit masturbating so much." (Compl. Supp., 2, docket #1.) Plaintiff then sought medical attention for pain in his right shoulder, left hip, left foot and right knee. Despite his repeated requests for treatment, Plaintiff was not examined by a doctor until March 5, 2008. The doctor performed a perfunctory examination and told Plaintiff that his pain was caused by muscle spasms. The doctor issued a prescription for nine days. Plaintiff continued to complain of pain, but has not been seen by a doctor since March 5, 2008. He claims that pain relievers from the prison store are inadequate to manage his pain.

Plaintiff claims that the nearly two-year delay in getting an appointment with a doctor constituted the wanton infliction of pain in violation of the Eighth Amendment right. He further alleges that his Eighth Amendment rights were violated by the doctor's cursory examination and lack of follow-up care. Plaintiff claims that he continues to suffer from excruciating chronic pain. Plaintiff seeks declaratory and injunctive relief, as well as monetary damages.

II.  Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The standard requires that

a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Glassner v. R.J. Reynolds Tobacco Co.*, 223 F.3d 343, 346 (6th Cir. 2001). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 127 S. Ct. at 1965; *Lewis v. ACB Business Serv., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998) (holding that a court need not accept as true legal conclusions or unwarranted factual inferences). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974; *see also United States v. Ford Motor Co.*, 532 F.3d 496, 503 (6th Cir. 2008); *United States ex rel. Bledsoe v. Comty. Health Sys., Inc.*, 501 F.3d 493, 502 (6th Cir. 2007).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Although Plaintiff brings this action against CMS, he does not allege any actions by the corporate entity. Rather, Plaintiff complains that employees of CMS failed to provide him with proper medical treatment for his pain. CMS cannot be held vicariously liable for the actions of its employees. It is well established that liability in a § 1983 action cannot be based on a theory of respondeat superior. *See Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). *see also Starcher v. Correctional Medical Systems, Inc.*, 7 F. App'x 459, 465 (6th Cir. Mar. 26, 2001). To establish liability against CMS, Plaintiff must demonstrate that CMS had a "policy,

practice or custom that resulted in the injury." *Moreno v. Metropolitan General Hospital*, 210 F.3d 372, 2000 WL 353537 at *2 (6th Cir. Mar. 28, 2000); *see also Starcher*, 7 F. App'x at 465. Plaintiff has not claimed that the alleged inadequate medical care was caused by any policy, practice or custom implemented by CMS. Accordingly, Plaintiff's action against CMS must be dismissed.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: March 26, 2009            /s/ Janet T. Neff
                                 Janet T. Neff
                                 United States District Judge